LOUIS W. BORNEMANN, DORIS E. BORNEMANN AND AL-
BERT N. BORNEMANN, PLAINTIFFS-RESPONDENTS, v.
JOSEPH LIQUORI AND ARMAND A. GENNARELLI, DE-
FENDANTS-APPELLANTS, AND BRONISLAW MACIEJKO,
DEFENDANT.

Submitted October 5, 1943—Decided December 9, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and
COLIE.

For the defendants-appellants, *Carpenter, Gilmour &
Dwyer* (*Patrick A. Dwyer* and *James P. Beggans*).

For the plaintiffs-respondents, *Vander Burgh & Aronsohn*
(*LeRoy Vander Burgh* and *I. William Aronsohn*).

The opinion of the court was delivered by

BODINE, J.   Three motor vehicles participated in an acci-
dent in which injuries were suffered February 15th, 1941,
on Route 9W in the Borough of Fort Lee in this state.   The
action to recover damages for personal injuries and property
damage was commenced by the Bornemanns.   Their car was
being driven in a northerly direction they alleged, and offered
proof to show that a Pepsi Cola truck operated by the defend-
ants Joseph Liquori and Armand A. Gennarelli, suddenly
backed on to the roadway and that to avoid it they pulled
left and collided with a car driven in a southerly direction
by the defendant Bronislaw Maciejko, who also sought by
counter-claim to recover damages for personal and property

damage suffered by him from the plaintiffs, as well as from the other defendants.

The jury returned verdicts in favor of the Bornemanns against Liquori and Gennarelli, and a verdict of no cause ·of action upon the Maciejko counter-claim.

Messrs. Liquori and Gennarelli appeal claiming that the learned trial judge in discharging a rule to show cause why there should not be a new trial was guilty of such manifest abuse of discretion as to be shocking to both reason and justice. Nothing is shown save the denial of the motion. That is not enough. *Nelson* v. *Eastern Air Lines, Inc.,* 128 *N. J. L.* 46; *Cook Coffee Co., Inc.,* v. *Ewell, Id.* 210.

The argument seems to be that the Bornemanns should have recovered a judgment against Bronislaw Maciejko or that the appellants should not have suffered a judgment against them. The verdict is based upon a finding of liability in the one case and not in the other. That was within the province of the jury. Maciejko was not seeking a new trial. There is no reason because Maciejko had not judgment in his favor that the Bornemanns should be relieved of their judgment. *Dunbaden* v. *Castles Ice Cream Co.,* 103 *N. J. L.* 427.

If the jury found that the accident, so far as the Bornemanns were concerned, was unavoidable, nevertheless they could find as to the counter-claim that Maciejko was negligent and his negligence contributed to the negligence of Liquori and Gennarelli. Such verdicts are not irreconcilable.

The appeal is dismissed, with costs.